UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILLIP WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 17-4071 |
| GARRY BUSTOS, *et al.* | ) ) ) |
| Defendants. | ) |

MERIT REVIEW ORDER

This case is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The Court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

At all times relevant, Plaintiff was detained at the Rock Island County Jail ("Jail"). Plaintiff alleges that he suffers from severe sleep apnea. He alleges that he has put in several requests for medical treatment, but that Defendant Peterson, the doctor, did nothing to treat his condition. Plaintiff alleges his condition caused him to struggle breathing, fall out of his bed, and hit his head on several occasions.

Plaintiff also alleges that jail officials refused to fix a leak in his cell's ceiling. Despite being provided a mop and bucket to clean and dry the floor, Plaintiff alleges he slipped in a puddle of water during the night and hurt his back. Plaintiff alleges he was taken to the hospital, but the pain medication prescribed to treat his back contusion does not work. Plaintiff alleges the jail's medical staff would not change his medications.

Plaintiff's rights arise under the Fourteenth Amendment's due process clause rather than the Eighth Amendment. *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015). The standards under the respective amendments are essentially the same. *Id.* Plaintiff states a claim for deliberate indifference to a serious medical need for the alleged failure to treat his sleep apnea and provide follow up care for his back injury. *See Petties v. Carter*, 836 F.3d 722 (7th Cir. 2016).

Plaintiff also states a conditions-of-confinement claim for the alleged floor conditions in his cell. *See Anderson v. Morrison*, 835 F.3d 681 (7th Cir. 2016) (jail officials "must address easily preventable, observed hazards that pose a significant risk of severe harm to inmates.").

Rock Island County should be dismissed as a defendant as no plausible inference arises that the alleged constitutional deprivation was caused by a county policy or practice. *Monell v. Dep't of Social Srvcs of City of New York*, 436 U.S. 658, 690 (1978).

**IT IS THEREFORE ORDERED that:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states Fourteenth Amendment claims for (1) inhumane conditions of confinement against Defendant Bustos, and (2) deliberate indifference to a serious medical need against Defendant Peterson. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for

effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. Clerk is directed to terminate Defendant Rock Island County.

12. The clerk is directed to attempt service on the remaining defendants pursuant to the standard procedures.

13. Plaintiff's motions to request counsel (#4)(#7) are denied, with leave to renew. The Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff has shown he made a reasonable attempt to obtain counsel on his own. Plaintiff, however, has personal knowledge of the facts, has adequately conveyed them to the Court thus far, and the claims do not appear overly complex at this stage in the proceedings.

14. Plaintiff's Motion for Status (#9) is denied as moot.

Entered this 17th day of July, 2017.

/s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE